IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENG SEET CHAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:25-cv-298 |
| ) | Judge Stephanie L. Haines |
| PAMELA BONDI, *Attorney General* ) | Magistrate Judge Christopher B. Brown |
| *U.S. Department of Justice et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Jeng Seet Chan ("Petitioner") (ECF No. 1). Petitioner is detained at Moshannon Valley Detention Center and claims that his prolonged detention of almost a year violates the Due Process Clause of the Fifth Amendment. He asks the Court to enjoin Respondents from transferring him out of the Western District of Pennsylvania;[1] to order his immediate release; award costs and fees to Petitioner; and grant any other relief that the Court deems just and proper. ECF No. 1, p. 16. This matter was referred to Magistrate Judge Christopher B. Brown for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On January 14, 2026, Magistrate Judge Brown filed a Report and Recommendation (ECF No. 20) recommending that the Petition (ECF No. 1) be conditionally granted to provide Petitioner with a bond hearing before a neutral immigration judge. To the extent that Petitioner sought additional habeas relief, Judge Brown recommended it be denied. Judge Brown directed the

---

[1] This Court lacks authority to grant that relief as the places of detention for aliens pending removal is left to the discretion of the Attorney General. 8 U.S.C. § 1231(g)(1). *See also Sinclair v. Atty Gen.*, 198 F. Appx 222 n.3 (3d Cir. 2006).

1

parties to file any objections to the Report and Recommendation by January 28, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner filed timely Objections (ECF No. 21), on January 20, 2026. Respondents filed timely Objections (ECF No. 22) on January 28, 2026.

Upon review of the record and the Report and Recommendation (ECF No. 20) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Brown in this matter. Magistrate Judge Brown correctly determined that the proper remedy available to Petitioner for which the District Court has jurisdiction is a bond hearing.

Petitioner partially objected to this ruling stating that the Magistrate Judge wrongly found that Petitioner is detained under 8 U.S.C. § 1226(c). Petitioner states that he "is not an aggravated felon because his 1974 conviction predated ADAA." ECF No. 21, p. 2; ECF No. 1, ¶ 25. Thus, Petitioner asserts that he is not detained under Section 1226(c), which requires mandatory detention, but instead is eligible for release. Petitioner argues that the case law cited by Respondents post-dates the 1996 passage of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which made aggravated felons subject to mandatory detention, and emphasizes that Petitioner's infraction occurred in 1974 well prior to the passing of IIRIRA. In addition, Petitioner argues that he was taken into custody not because of his criminal offense but because he has a deportation order. ECF No. 21, p. 5. Thus, he asserts that this Court should order Petitioner immediately released. ECF No. 21, p. 6.

Petitioner provides numerous cases where a district court ordered a detainee released when it was determined that the detainee was not provided due process of law. The cases cited by Petitioner either are not factually on point or are not precedential to this Court. While this Court

agrees that Petitioner must be afforded procedural due process, that is achieved with a proper bond hearing, any review of which is taken up with the appellate court.

Petitioner's assertions that Judge Brown erroneously based his opinion on an improper statute, for the purposes of the District Court's review, are a distinction without a difference. Whether Petitioner is held under Section 1231 or Section 1226, or for what reason he was taken into custody, is irrelevant to the ultimate finding as to whether his immediate release is a proper remedy before this Court.

As to Respondents' Objections (ECF No. 22), their argument states that Petitioner argued a substantive due process claim without merit and Magistrate Judge Brown erroneously applied the *German-Santos* procedural framework when granting Petitioner a bond hearing. ECF No. 22, pp. 2-3. Respondents argue that "Petitioner maintained that due process requires an additional *procedure* in the form of a bond hearing. However, a bond hearing is simply a vehicle for making the *substantive* determination about flight risk and dangerousness that Petitioner maintains is necessary to justify his 'prolonged' detention." ECF No. 22, p. 4. Respondents argue that aliens detained under Section 1226(c) do not require such a determination, so that Petitioner's claim was a substantive argument, not a procedural one. The Court finds this argument to be unavailing.

First, it cannot be said that an alien detainee detained under Section 1226(c) is *presumed* to be a flight risk or dangerous to the community. This Court has now had the opportunity to review hundreds of petitions for writ of habeas corpus filed by alien detainees and every single case varies greatly in its factual circumstances that may have bearing on an immigration judge's determination in a bond hearing.

Second, the spurious leap made by Respondents from a procedural request for a bond hearing to a substantive request because of the topics to be reviewed in the bond hearing is not

persuasive. Moreover, the caselaw cited to for Respondents' position, *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003), does not correspond to this case in any way. *Doe* involved a litigant challenging the requirement for him to register as a sex offender without a hearing on the topic of whether he was "currently dangerous". The Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901 *et seq.*, *requires* convicted offenders to register, regardless of whether such offender is considered "currently dangerous."[2] In other words, the determination sought by Doe in such a hearing would have absolutely no bearing on whether he was required to register under the statutory scheme. Thus, it is logical that the Court looked to the substance of the hearing and denied the procedural due process claim – why hold a hearing that has no potential outcome that would change Doe's circumstance. That is not the case for an illegal alien detained under 8 U.S.C. § 1226(c) who is entitled to a bond hearing. An individual convicted, or in some cases arrested, is not automatically a danger or a fight risk, thus, a bond hearing determination, based on the individual facts is not an exercise in futility.

Neither Petitioner nor this Court argue the merits of detention of criminal aliens; the rational-basis review proposed by Respondents is a red herring argument. ECF No. 22, p. 5. Respondents argument under *Demore v. Kim*, 538 U.S. 510 (2003), is also rejected if Respondents seek to prove that Section 1226(c) equates *mandatory* detention to *indefinite* detention.[3]

---

[2] "A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence." 34 U.S.C.A. § 20913 (West)

[3] "To understand our case law on 1226(c) we must start with the decision driving those cases: *Demore v. Kim*, 538 U.S. 510 (2003). There, the Supreme Court rejected a *facial* challenge to the statute's requirement of detention without a bond hearing. *Id.* at 531. The Court did so because it understood that the detention would last only for a "very limited time." *Id.* at 529 n.12. Relying on the Government's representations, the Court explained that detention "under § 1226(c) lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208–09 (3d Cir. 2020)

> [W]e must clarify some confusion about the limits on detention under § 1226(c) and where those limits come from. Faced with as-applied challenges under that provision, we have held that the Due Process Clause limits detention without a bond hearing to a 'reasonable period.'

*German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208 (3d Cir. 2020)

> [W]e held that 'when detention becomes unreasonable, the Due Process Clause demands a hearing.' *Diop*, 656 F.3d at 233; *accord Chavez-Alvarez*, 783 F.3d at 474–75. Reasonableness is a 'highly fact-specific' inquiry. *Chavez-Alvarez*, 783 F.3d at 474. Together, *Diop* and *Chavez-Alvarez* give us a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable.
>
> The most important factor is the duration of detention. *See Chavez-Alvarez*, 783 F.3d at 475–78; *Diop*, 656 F.3d at 233–34. We begin there because the Supreme Court in *Demore* rejected a facial challenge to § 1226(c) based on the Government's representation that detention lasts between one-and-a-half and five months. 538 U.S. at 529–30. Extending *Demore*'s logic to as-applied challenges, we explained that detention "becomes more and more suspect" after five months.

*German Santos*, 965 F.3d at 210–11. This Court finds that Petitioner who has been in continuous custody since February 18, 2025, is entitled to a bond hearing.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 12th day of February, 2026, IT IS ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) hereby is CONDITIONALLY GRANTED. Respondent is to provide Petitioner with a substantive bond hearing before a neutral immigration judge within ten (10) days of this Order ; and,

IT IS FURTHER ORDERD that Petitioner's Objections (ECF No. 21) are OVERRULED; and

IT IS FURTHER ORDERD that Respondents' Objections (ECF No. 22) are OVERRULED; and

IT IS FURTHER ORDERED that if Petitioner is not provided with a bond hearing by the timeframe specified, the writ shall issue and Respondents shall immediately release Petitioner from custody; and

IT IS FURTHER ORDERED that Respondent is to notify the Court within seven (7) days of the bond hearing's results; and

IT IS FURTHER ORDERED that Petitioner is provided thirty (30) days in which to submit a motion for fees and/or costs, should he wish to do so; and

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation (ECF No. 20) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge